The order below is hereby signed.

Signed: February 4 2021



/s/ Elizabeth L. Gunn
Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ETS of Washington LLC, | ) | Case No. 20-00397 |
| | ) | (Chapter 11) |
| Debtor in Possession. | ) | |

**MEMORANDUM DECISION AND ORDER
DENYING SECURED CREDITORS' MOTION FOR RELIEF FROM STAY
REGARDING 2207 FOXHALL ROAD, NW, WASHINGTON, DC 20007**

Before the Court is the *Motion for Relief from the Automatic Stay as to Property Located at 2207 Foxhall Road, NW, Washington, DC 20007* (the "**Motion for Relief**") (ECF No. 30) filed by DP Capital LLC ("**DPCL**") and WCP Fund I, LLC ("**WCP**") as servicer for 1Sharpe Opportunity Intermediate Trust ("**1Sharpe**," and together with DPCL and WCP, the "**Secured Creditors**"). The Debtor filed an *Opposition* (ECF No. 38) to the Motion for Relief, and the Secured Creditors have filed a further *Reply* (ECF No. 39) in support. For the reasons stated at the hearing held on the matter on January 21, 2021 (the "**Hearing**"),[1] and as further discussed below, the Court will deny the Motion for Relief as the Court finds that the property at issue is not "single asset real estate" as defined by 11 U.S.C. § 101(51B).

---

[1] This Court announced its ruling on the record at the hearing on January 21, 2021 and memorializes that ruling in this Memorandum Decision.

I

Facts

The facts relevant to the Motion for Relief are not in dispute and were stipulated to at the Hearing. The Debtor's only scheduled asset, aside from $528 in cash, is a "[h]ouse under construction at 2207 Foxhall Road, NW, Washington, DC 20007, Square 1341, Lot 0855" (the "Property") ECF No. 1, at 11 of 45. The house on the Property is currently unoccupied, uninhabitable, and presently unmoored, resting upon steel beams unaffixed to the existing foundation. ECF No. 38, at 2; ECF No. 39, at 3. The Property is a 11,625 square foot lot that is located is in an area zoned residential by the District of Columbia,[2] more specifically, for single detached dwellings on lots of a minimum of 7,500 square feet. ECF No. 38, at 2. The Debtor intends to redevelop and re-sell the Property at a profit. *Id.* The Debtor purchased the Property from DCPL with primary financing from WCP, but contends that it cannot complete its planned redevelopment without certain required permits that it is pursuing. ECF No. 33, at 2, 5-6. The status and import of said permits and other issues are subject to potential litigation but are not relevant to the Motion for Relief. *See id.* at 3-10. It is undisputed that the Debtor has not made any post-petition payments to the Secured Creditors or filed any plan of reorganization. *See* ECF No. 30, at 5.

II

The Motion for Relief

The Motion for Relief asks the Court to grant relief from the automatic stay provided by 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d)(3). Section 362(d)(3) provides that:

with respect to a stay of an act against single asset real estate under subsection (a),

---

[2] The Secured Creditors stipulated to the zoning of the subject property being of a residential nature for purposes of the hearing, but not the specific designation. The specific designation does not alter the Court's analysis or findings.

2

>by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
>
>>(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>>
>>(B) the debtor has commenced monthly payments . . . .

11 U.S.C. § 362(d)(3). Under § 101(51B):

>The term "single asset real estate" means real property constituting a single property or project, *other than residential real property with fewer than 4 residential units*, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B) (emphasis added). The Motion for Relief does not seek any alternative forms of relief; thus, the sole question before the Court is whether relief is appropriate under § 362(d)(3). The Court's determination is dependent on whether the Property, a lot zoned as residential and improved by an unoccupied and currently uninhabitable dwelling, that the Debtor purchased solely for development purposes, is "residential real property with fewer than 4 residential units" so as to exclude it from the definition of "single asset real estate" in § 101(51B) and the relief provisions of § 362(d)(3). This question is one of first impression in this Circuit.

III

Analysis

While there is significant case law considering the definition of single asset real estate debtors, almost all of the reported decisions to date nationwide considered whether a property that is or will be a commercial project or a large residential project (*i.e.*, 4 or more units) falls within the definition of "single asset real estate." *See, e.g., Ad Hoc Grp. Of Timber Noteholders v. Pac. Lumber Co.* (*In re Scotia Pac. Co.*), 508 F.3d 214, 216-17 (5th Cir. 2007) (200,000 acres of

timberland to be harvested); *Centofante v. CBJ Dev., Inc.* (*In re CBJ Dev., Inc.*), 202 B.R. 467, 470-71 (B.A.P. 9th Cir. 1996) (existing 63-room hotel with restaurant and gift shop); *In re Syed*, 238 B.R. 133, 139 (Bankr. N.D. Ill. 1999) ("single residential real property having far more than 4 residential units"); *In re Kkemko, Inc.*, 181 B.R. 47, 51 (Bankr. S.D. Ohio 1995) (boat marina "where the business of the marina is something more than simply rental of moorings"). Those cases turned on elements of the definition not at issue here, and those courts, when interpreting § 101(51B), largely passed by the key phrase here, "other than residential real property with fewer than 4 residential units," (the "**Residential Exception**") as its inapplicability in those cases was not questioned. Further, those courts which have considered the Residential Exception did so in the context of vacant lots not previously developed, not a partially (or arguably previously) developed property. *See, e.g.*, *In re 2034 Sunset Plaza Drive, LLC*, 616 B.R. 781, 782 (Bankr. C.D. Cal. 2020)(vacant lot zoned for one residential unit); *In re Kachina Vill., LLC*, 538 B.R. 124, 126 (Bankr. D.N.M. 2015) (1.259-acre parcel of undeveloped land zoned and planned for mixed residential & commercial use, including four or more residential units). In such cases, the courts focused on the future planned purpose of the property to determine if the debtor was a single asset real estate debtor or fell within the Residential Exception. *See In re 2034 Sunset Plaza Drive, LLC*, 616 B.R. at 784; *In re Kachina Vill., LLC*, 538 B.R. at 128.

The facts of this case are strikingly similar to those in *In re 2034 Sunset Plaza Drive, LLC*, where the debtor, a single purpose entity, was formed for the purchase and development of a high-end residence on a single parcel of real estate. However, in *Sunset Plaza*, the property was not yet developed, simply a vacant lot on which the debtor planned to build a mansion. In that case, the court pointedly and concisely held that where a

> debtor's only asset is a single piece of property that has a single family dwelling on it or is a vacant piece of land that can never have anything other than a single family

4

>
> dwelling on it, the debtor will not qualify as a single asset real estate debtor within the meaning of bankruptcy code section 101(51B).

*In re 2034 Sunset Plaza Drive, LLC*, 616 B.R. at 784; *see also In re Kachina Vill., LLC*, 538 B.R. at 128 (doubting that any undeveloped land, particularly the land at issue comprising 100 lots, qualifies for the Residential Exception but allowing that "[a] good example of raw land that might come within the Residential Exception would be between one and three lots, zoned strictly for residential development, upon which the debtor intended to build from one to three houses.").

However, at the same time, the Court is cognizant that the cases considering whether a debtor is a single asset real estate debtor advise that "the Court must look to current facts, not to those existing in the past, nor to Debtor's aborted plans for the future" and, therefore, the Court's analysis must focus on the facts of each specific case. *See In re Alvion Props., Inc.*, 538 B.R. 527, 532 (Bankr. S.D. Ill. 2015) (quoting *In re Hassen Imps. P'ship*, 466 B.R. 492, 507 (Bankr. C.D. Cal. 2012)). In the instant case, the Property is zoned solely for residential use, was previously improved and served as residential property, and currently has a partial dwelling on it (albeit uninhabitable in its current condition).

The Court agrees with the court in *Sunset Plaza* and finds that the plain language of the Residential Exception *includes* properties of which the character of the property (including proposed development) is necessarily residential. This includes yet-to-be-developed properties, currently developed properties, and properties with existing structures to be redeveloped. Limiting the Residential Exception to properties with structures that are currently inhabited or habitable would likely exclude many entities that own small parcels for the purpose of pursuing construction projects involving "four or less" housing units on those parcels, and would be inconsistent with the plain language of the statute. There is no indication that the Residential Exception ought to be interpreted to have such a narrow effect.

IV

In light of the foregoing, the Court finds that the Property owned by the Debtor falls under the Residential Exception and that the Debtor is therefore not a single asset real estate debtor as defined by 11 U.S.C. § 101(51B). As a result, the Court finds that 11 U.S.C. § 362(d)(3) is not applicable and concludes that the Motion for Relief must be denied.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that the *Motion for Relief from the Automatic Stay as to Property Located at 2207 Foxhall Road, NW, Washington, DC 20007* (ECF No. 30) filed by DP Capital LLC and WCP Fund I, LLC, as servicer for 1Sharpe Opportunity Intermediate Trust, pursuant to 11 U.S.C. § 362(d)(3) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record