**SAMUELSON LAW, LLC**

**SECOND SUPPLEMENT**

to

**FIRST INTERIM APPLICATION FOR APPROVAL OF COMPENSATION, FOR DEBTOR'S COUNSEL, FOR THE PERIOD FROM SEPTEMBER 28, 2020 TO MARCH 31, 2021**

Exhibit # 2
20-00397-ELG
20-10005-ELG

VII. **BREAKDOWN BY CATEGORY OF THE WORK**

| Name of Category on the Revised Invoice | Description of the Work | Total Number of Hours | Total Dollar Amount |
|---|---|---|---|
| Initial | The Petition filed in this Case was nearly complete, not bear bones. No fees are included in this Invoice for that work. However, post-Petition work was required (a) to assure that the scheduled foreclosure auction had been cancelled; (b) to prepare and file supplemental and corrective schedules, small business statements, and other disclosures, as more or different information became available; and (c) to address initial responses received from the Court. | KLS: 4.3<br><br>Para.: 1.5 | 1,913.50<br><br>292.50 |
| Trustee | Contacts with the U.S. Trustee, including the initial meeting, other than the 341 Hearing. | KLS: 8.133<br><br>Para.: 0 | 3,619.19<br><br>0 |
| Dav. Hire | Successfully getting DDavison Law, Inc. employed. Pre-Petition, Samuelson-Law had to determine whether Debtor had a reasonably chance of a successful reorganization within a reasonable amount of time and estimate how much | KLS: 44.583<br><br>Para.: 1.3 | 19,839.44<br><br>253.50 |

|  | it would cost to do so. Pre-Petition, Samuelson-Law determined that a successful reorganization in this Case required) getting (a) remedies, against the Secured Creditors, sufficient to get the Project on track to where it was supposed to be, or to rescind the transactions, and to get damages from the Secured Creditors; and (b) the requisite permits from the D.C. Government (collectively, the "Offense"). Samuelson-Law estimated that an Offense would be extremely expensive, including by likely triggering extensive objections by the Secured Creditors. However, the Bankruptcy Estate had no funds with which to pursue an Offense. The strategy Samuelson-Law came-up with, pre-Petition, was to get the Members, of the Debtor, personally, to hire their general counsel, DDavison Law, Inc. ("Davison"), to handle those matters, even though Davison had no substantial experience or interest in doing bankruptcy work. The Offenses are generally real estate issues and permitting matters, as to which Davison had extensive experience and which Samuelson-Law felt that Samuelson-Law could translate in Bankruptcy proceedings. Davison also already had a great deal of familiarity with the applicable facts in this Case. The work, in this Category, is the time spent, post-Petition, arranging Davison's involvement and the terms thereof (including defining its role vis-à-vis Samuelson-Law) and then successfully seeking Court approval for that hiring over the opposition of the Secured Creditors. Samuelson-Law felt that that the Debtor's Application to Employ Davison could be presented to the Court only if contained proof that Debtor's proposed Claims Objections and Adversary Proceedings are |  |  |

|  | meritorious.  Therefore, a major portion of this Category a contains an analysis of the various legal issues involved in that proposed Claims Objection and Adversary Proceeding.  That took extensive legal research. The opposition made by the Secured Creditors, to that Application, turned-out to be even far more strenuous than Samuelson-Law had anticipated, even to the point of their arguing champerty.  In addition, in their Opposition, the Secured Creditors warned us all [ECF No. 36, Part IV, 4th paragraph]: If the litigation suggested is actually brought, such will be as an adversary proceeding and accordingly conducted within this Honorable Court. *See* 28 U.S.C. § 157(b)(2)(A-C, O). The Secured Creditors will thusly be represented in such matters by undersigned counsel, who serves as outside bankruptcy counsel to both DPCL and WCP. Undersigned counsel's fees have recently been approved by one federal court at the rate of $500 per hour (*See, Leong, et al. v. Crown NJ Gaming, Inc.*, Case No. 1:19-cv-12424 (D. N.J. 2019)); even if a discounted hourly fee were applied to this case, the cost of defense would no doubt prove <u>staggering</u>. [Emphasis added.] <u>That warning proves that Samuelson-Law was correct in showing the Court that the merits of Debtor's claims were worth such a fight.</u> Therefore, at that the time Secured Creditors gave that warning, Debtor was faced with having to incur a lot more attorneys' fees to more forward or to lose everything by going backward. Davison received that research before it was hired. |  |  |

| | | | |
|---|---|---|---|
| | Samuelson-Law expects that Davison's fees will far exceed Samuelson-Law's attorneys' fees in fighting to get Davison hired. | | |
| Dav. Liaison | The work, in this Category, consisted of coordinating Davison's involvement with the Bankruptcy aspects of this Case, and handling the Bankruptcy aspects of the Offense. | KLS: 20.167 | 8,974.32 |
| | | Para.: 3.0 | 585.00 |
| Samuelson | The work, in this Category, was the application to hire Samuelson Law. | KLS: 0.95 | 422.75 |
| | | Para.: 0.2 | 39.00 |
| Facts | Gathering and researching facts and documents. | KLS: 19.067 | 8,484.82 |
| | | Para.: 3.4 | 663.00 |
| Finances | Debtor had unusual problems with the financial disclosures required, including with the Monthly Operating Reports.  The work in this Category is an unusual amount of advice in that regard. | KLS: 8.966 | 3,989.87 |
| | | Para.: 1.0 | 195.00 |
| 341 | 341 Meeting, preparation therefor, and follow-up. | KLS: 2.4 | 1,068.00 |
| | | Para.: 0 | 0 |
| Proofs | Reviewing and handling Proofs of Claims. | KLS: 3.45 | 1,535.25 |
| | | Para.: 0 | 0 |

| Category | Description | Hours | Amount |
|---|---|---|---|
| General | Miscellaneous pleadings and other general matters, including drafting status reports and reviewing the over-all strategy of this Case from time to time, with Client and Davison, including this Case's relationship with a Virginia case. | KLS: 10.299<br>Para.: 0 | 4,583.06 |
| 1st Lift Stay | Successfully defeating Secured Creditors' 1st Motion for Relief from Stay. A major portion of this Category involves study of law on the issues involved. | KLS: 15.75<br>Para.: 1.7 | 7,008.75<br><br>331.50 |
| 2nd Lift Stay | Secured Creditors' 2nd Motion for Relief from Stay | KLS: 24.9<br>Para.: 1.6 | 11,080.50<br><br>312.00 |
| 1st Emerg. | 1st Emergency Motion filed by Debtor for its own relief from stay to defend D.C. Government Hearing and for expediting the Dav. Hire for that purpose. Substantially granted by the Court. | KLS: 6.883<br>Para.: 0.9 | 3,062.94<br><br>175.50 |
| 2nd Emerg. | 2nd Emergency Motion for delays because of Davison's eye problems. Substantially granted by the Court. | KLS: 17.8<br>Para.: 1.0 | 7,921.00<br><br>195.00 |
| Plan | Plan or Reorganization and Disclosure Statement, including (a) decisions as whether Debtor should file one at the time, and (b) reviewing the pleadings filed by Secured Parties for their own plan. | KLS: 4.25<br>Para.: 0 | 1,891.25<br><br>0 |

```
KLS         191.898 hours = $ 85,394.61
Paralegal    15.6   hours = $  3,042.00
                            -----------
```

```
Total fees:         $ 88,436.61
```