**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Case No. 20-00397-ELG** |
| **ETS of Washington LLC** | Chapter 7 |
| **Debtor** | Hearings: 6/23/2021 at 10:00 a.m. |

_____

| | |
|---|---|
| **ETS of Washington LLC** | |
| Plaintiff | Adversary Proceeding No. 21-10005-ELG |
| v. | Hearings: 6/23/2021 at 10:00 a.m. |
| **WCP Fund I LLC, et al.** | |
| Defendants | |

**SAMUELSON LAW, LLC'S MEMORANDUM OF LAW ON PROFESSIONAL RULES REGARDING ATTORNEYS' DUTIES TO WITHDRAW AND ATTORNEY/CLIENT PRIVILEGE**

Samuelson Law, LLC ("Samuelson-Law"), co-counsel for ETS of Washington LLC, the Debtor in the above-captioned Bankruptcy proceeding (the "Main Bankruptcy Case") and the Plaintiff in the above-captioned Adversary Proceeding (the "Adversary Proceeding", collectively the "Debtor", and collectively these "Cases", respectively), submits the following authorities with

_____

Filed by Kenneth L. Samuelson, Esq.; D.C. Bar No. 302455; Samuelson Law, LLC; 2020 Pennsylvania Avenue, N.W., #417, Washington, DC 20006; Tele.: 202-991-8800; Fax: 240-499-8939; ksamuelson@samuelson-law.com; Co-Counsel for Debtor/Plaintiff

respect to (a) its Motion to Withdraw [BK. ECF Nos. 106; AP 21]; (b) its ability to argue Debtor's pending Motions [BK ECF Nos. 115, 118 and 133; AP 22, 23 and 26]; and (c) its Motion for Compensation through 3/31/21 [BK. ECF Nos. 87 and 95].

1. Except as set forth in the pleadings filed on its behalf in these Cases, Debtor has not formally waived any of its rights, privileges or remedies.

2. D.C. Rules of Prof. Conduct, Rule 1.16 provides, in relevant part:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, <u>shall withdraw from the representation of a client if:</u>

<u>(1) The representation will result in violation of the Rules of Professional Conduct</u> or other law;

(2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) The lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer <u>may withdraw</u> from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) The client has used the lawyer's services to perpetrate a crime or fraud;

(3) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) The representation will result in an unreasonable financial burden on the lawyer or obdurate or vexatious conduct on the part of the client has rendered the representation unreasonably difficult;

[Emphasis added]

3. **D.C. Rules of Prof. Conduct, Rule 1.7 provides, in relevant part:**

    **(b) Except as permitted by paragraph (c) below, <u>a lawyer shall not represent a client with respect to a matter if</u>:**

    **(1) That matter involves a specific party or parties and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter even though that client is unrepresented or represented by a different lawyer;**

    **(2) Such representation will be or is likely to be adversely affected by representation of another client;**

    **(3) Representation of another client will be or is likely to be adversely affected by such representation;**

    **(4) <u>The lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by</u> the lawyer's responsibilities to or interests in a third party or <u>the lawyer's own financial, business, property, or personal interests</u>.**

    [Emphasis added]

4. **D.C. Rules of Prof. Conduct, Rule 1.6 provides, in relevant part:**

    **(a) Except when permitted under paragraph (c), (d), or (e), a lawyer shall not knowingly:**

    **(1) reveal a confidence or secret of the lawyer's client;**

    **(2) use a confidence or secret of the lawyer's client to the disadvantage of the client;**

    **(3) use a confidence or secret of the lawyer's client for the advantage of the lawyer or of a third person.**

    **. . .**

    **(e) A lawyer may use or reveal client confidences or secrets:**

    **(1) with the informed consent of the client;**

    **(2)(A) when permitted by these Rules or required by law or court order; and**

    **(B) if a government lawyer, when permitted or authorized by law;**

**(3) to the extent reasonably necessary to establish a defense to a criminal charge, disciplinary charge, or civil claim, formally instituted against the lawyer, based upon conduct in which the client was involved, or <u>to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client</u>;**

**(4) when the lawyer has reasonable grounds for believing that a client has impliedly authorized disclosure of a confidence or secret in order to carry out the representation;**

**(5) <u>to the minimum extent necessary in an action instituted by the lawyer to establish or collect the lawyer's fee</u>; or**

**(6) <u>to the extent reasonably necessary to secure legal advice about the lawyer's compliance with law, including these Rules</u>.**

[Emphasis added]

Dated:  June 22, 2021            /s/  Kenneth L. Samuelson_____
                                 **Kenneth L. Samuelson, Esq.**
                                 **D.C. Bar No.  302455**
                                 **Samuelson Law, LLC**
                                 **2020 Pennsylvania Avenue, N.W., #417**
                                 **Washington, DC 20006**
                                 **Tele.: 202-991-8800**
                                 **Fax:    240-499-8939**
                                 **ksamuelson@samuelson-law.com**
                                 **Co-Counsel for Debtor/Plaintiff**

## Certificate of Service

**I HEREBY CERTIFY** that, on the 22nd day of June, 2021, a copy of the foregoing was sent:

(a) electronically, via the Court's ECF system, in the undersigned's filing of the foregoing, to all creditors and parties in interest registered therein to receive such service; and

(b) via e-mail, to:

ETS of Washington LLC and Jason Porcier
etsofwashington@gmail.com

Brian Miller
goplacesgo@gmail.com

Dennis A. Davison, Esq.
dennis@ddavisonlaw.com

/s/ Kenneth L. Samuelson
Kenneth L. Samuelson

_____