The order below is hereby signed.

Signed: September 23 2021



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: <br><br> ETS of Washington, LLC, <br> Debtor. | Case No. 20-00397-ELG <br><br> Chapter 7 |

### MEMORANDUM DECISION AND ORDER
### RESOLVING DISPUTED CHAPTER 7 TRUSTEE ELECTION

Before the Court is the *Report by the United States Trustee of Disputed Election of Chapter 7 Trustee Pursuant to 11 U.S.C. § 702* (ECF No. 152) (the "Election Report") and *Motion to Recharacterize Claims of Debtor's Principals and Resolve Election* (ECF No. 154) (the "Motion")[1] filed by WCP Fund I LLC ("WCP") and DP Capital LLC ("DPC," and together with WCP, the "Moving Creditors"). As summarized in the Election Report, at the § 341 meeting of creditors (the "Meeting of Creditors"), the Moving Creditors requested an election of a trustee under 11 U.S.C. § 702. The two principals of the Debtor, Jason Porcier and Brian Miller (collectively, the "Principals"), objected to the election in both their individual capacity as creditors of ETS of Washington, LLC (the "Debtor") and "on behalf" of the Debtor. The United

---

[1] The Motion also sought to have the Court recharacterize the claims filed by the Debtor's principals. A motion to recharacterize claims is a form of claim objection and requires 30 days' notice to the opposing party. Fed. R. Bankr. P. 3007(a). The hearing on the Motion was held less than 30 days after service thereof on the Principals, and thus, the recharacterization motion was not properly before the Court and not considered at the hearing.

States Trustee (the "UST") promptly filed the Election Report for resolution of the contested election by this Court. The Moving Creditors timely filed the Motion, asking this Court to (i) resolve the disputed chapter 7 trustee election in their favor and, as a result, (ii) find that Marc Albert was properly elected as the chapter 7 trustee. At the hearing held August 11, 2021 (the "Hearing"), the Court ruled from the bench denying the Motion and ordering that interim chapter 7 trustee William White continue as the chapter 7 trustee. This Memorandum Decision and Order memorializes the findings and conclusions as set forth by the Court at the Hearing.

## Background

The history of this case prior to the disputed trustee election is neither short, nor simple. The record is filled with evidence of the highly contentious relationship between the Debtor and the Principals on the one hand and the Moving Creditors on the other. Only the history directly related and relevant to the disputed election is summarized herein. On September 28, 2020, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")[2] on the eve of a foreclosure sale scheduled by one or both of Moving Creditors against the Debtor's real property located on Foxhall Road (the "Property"). On February 20, 2021, the Debtor filed an adversary complaint against the Moving Creditors and 1Sharpe Opportunity Intermediate Trust ("1Sharpe") raising numerous causes of action related to and arising out of the financing and purchase of the Property. On May 4, 2021, after an evidentiary hearing, the Court entered an order granting the relief from the automatic stay as to the Property to DPC and WCP as servicer for 1Sharpe. DPC foreclosed upon the Property in May 2021.

---

[2] All section references herein shall be to 11 U.S.C. unless otherwise noted.

On May 10, 2021, DPC and WCP as servicer for 1Sharpe filed a motion to convert the case to a chapter 7 and to shorten notice thereon. Mot. Convert Case, ECF No. 107. After an evidentiary hearing, on May 24, 2021, the Court entered an order converting the case to chapter 7. ECF No. 122. Pursuant to normal Court procedures, William White was appointed interim trustee and the initial Meeting of Creditors was scheduled to be held virtually on July 1, 2021. *Id.* After a continuance, the details of which are not material hereto, the initial Meeting of Creditors was convened on July 8, 2021, at which time the Moving Creditors indicated their intent to call for the election of a chapter 7 trustee. ECF No. 148. Upon the request of the Principals, the Meeting of Creditors was further continued until July 14, 2021 to allow the Debtor to obtain counsel to represent it during the election. ECF No. 151. The continued Meeting of Creditors was convened on July 14, 2021,[3] at which only counsel for Moving Creditors and Principals, *pro se*, appeared, and once again the Moving Creditors called for an election. The UST presided over the election and noted on the record that the Principals were insiders but allowed all parties to state their positions on the record. Mot. Resolve Election, Ex. A at 11:6-12, ECF No. 154. During the course of the election, the Principals objected both to (i) the removal of Mr. White as the trustee, and (ii) the Moving Creditors' voting eligibility in a § 702 election. Preserving the objections, the UST held the election, at which time counsel for the Moving Creditors voted for Mr. Albert and the Principals, *pro se*, voted for Mr. White. *See* Report of Disputed Election, ECF No. 152, at ¶¶ 11-12.

Due to the contested nature of the election, the UST, as required by Federal Rule of Bankruptcy Procedure 2003(d)(2) (the "Bankruptcy Rules," and each individually, a "Bankruptcy

---

[3] Despite the continuance, the Debtor did not appear with counsel, and as of the date hereof, has yet to employ counsel in this matter.

Rule"), promptly filed the Election Report summarizing the proceedings, objections, and including a transcript excerpt. *See id.* The UST reported that they were unable to certify the election of Mr. Albert as the chapter 7 trustee due to the Principals' objections and questions regarding the status of the Moving Creditors as eligible creditors under § 702 and Bankruptcy Rule 2003. *Id.* at 8. The Moving Creditors timely filed the Motion asking this Court to approve the election of Mr. Albert as the chapter 7 trustee in accordance with Bankruptcy Rule 2003. *See* Mot. Resolve Election, ECF No. 154. The Motion also argued that the Principals, as insiders, were ineligible to vote or to raise objections to the election process. While no response to the Moving Creditors' Motion was filed, at the Hearing the Court heard the report of the UST, the arguments of the Principals, and the arguments of counsel for the Moving Creditors. Mr. White appeared at the hearing but did not take a position on the election.

## Analysis

### *I. Chapter 7 Trustee Elections*

In a chapter 7 case, either upon the filing of a voluntary petition or entry of an order converting from another chapter, a chapter 7 trustee is appointed on an interim basis. 11 U.S.C. § 701(a)(1). The interim trustee is tasked with the administration of the debtor's bankruptcy estate and has all the rights and duties of a trustee unless and until either (i) an election is requested and a permanent chapter 7 trustee is selected; or (ii) as is the case in the vast majority of the cases, no election is held, and the interim trustee then continues to serve as the chapter 7 trustee. 11 U.S.C. §§ 702(b) and (d).

Chapter 7 trustee elections are rare. The Bankruptcy Code establishes clear requirements for the parties and procedures involved in an election. Section 702(a) sets forth the limited scope of creditors who are entitled to vote in a trustee election. Specifically, it states:

> a) A creditor may vote for a candidate for trustee only if such creditor –
>
> (1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h) or 766(i) of this title;
>
> (2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and
>
> (3) is not an insider.

11 U.S.C. § 702(a). Bankruptcy Rule 2003(b) clarifies, *inter alia*, that in addition to the requirements of § 702(a), an otherwise qualifying creditor must have filed a proof of claim or a writing evidencing the creditor's right to vote prior to any election. *See* Fed. R. Bankr. P. 2003(b).

Upon the determination that the creditors seeking to hold an election are eligible to vote, the election involves a two-step process. First, creditors representing 20 percent in amount of all filed claims against the Debtor that are eligible to vote under § 702(a) may call for a trustee election to be presided over by the UST. 11 U.S.C. § 702(b). The UST then conducts the election and tallies the votes. Once a vote is held, a chapter 7 trustee candidate is elected if both (1) creditors representing at least 20 percent of the claims eligible to vote actually vote; and (2) the candidate receives the votes of creditors holding a majority in amount of claims of the creditors who took part in the election. *See* 11 U.S.C. § 702(c). However, if at any point during the election process a party raises objections to, or disputes the election of the chapter 7 trustee, the UST must file a report outlining the nature of the dispute for the bankruptcy court to resolve the election. Fed. R. Bankr. P. 2003(d)(2).

To resolve a disputed chapter 7 trustee election, a bankruptcy court must first determine whether the creditors requesting the election qualified as creditors able to vote in and, as a result,

call for an election under 11 U.S.C. § 702(a). The requirements set forth in § 702(a) are conjunctive and failing to meet any one element will disqualify a creditor from eligibility to both call for and vote at an election of a chapter 7 trustee. Because the Court finds that the Moving Creditors fail to meet all of the elements of § 702(a) and, therefore, could not call for an election, any issues raised regarding the voting or process of the election in this case are moot.

### *II. The Principals' Standing to Vote and Object to the Chapter 7 Trustee Election*

On the eve of the election, the Principals each filed claims asserting unsecured claims against the Debtor. However, notwithstanding the filed claims, it is undisputed that as insiders[4] of the Debtor, the Principals were not eligible to either call for or vote at a chapter 7 trustee election. 11 U.S.C. § 702(a)(3). While the UST recorded the votes of the Principals as part of the Election Report, even if an election was appropriately called in this case, the votes were void as they were not cast by eligible creditors.

The Bankruptcy Code defines who may or may not vote in a trustee election, but it does not explicitly specify or limit the parties that may *object to* or *dispute* an election. In their Motion, the Moving Creditors argue that, because the Principals were ineligible to vote at the trustee election, they should also be foreclosed from disputing the election. Mot. Resolve Election at 13, ECF No. 154. The Bankruptcy Code and Rules make no such distinction or limitation as to who may participate in a § 341 meeting of creditors and dispute a chapter 7 trustee election, providing only that "in the event of an objection" the UST shall report the dispute to the Court. *See* Fed. R. Bankr. P. 2003(b)(3). An objecting party need only be "interested" to present a trustee election

---

[4] 11 U.S.C. § 101(31) defines the term insider of a corporation to include any director, officer, person in control, partnership in which the debtor is a general partner, a general partner of the debtor, or relative of a general partner, director, officer, or person in control of the debtor. The Principals were managing members of the debtor, clearly qualifying them as insiders of the Debtor.

dispute to the court. *Riemer & Braunstein LLP v. DeGiacomo (A & E 128 North Corp.)*, 528 B.R. 190, 199 (1st Cir. BAP 2015). While the Principals are not voting creditors, there is no doubt that they are interested parties as managing members and equity holders of the Debtor. Accordingly, the Principals had standing to raise objections to the trustee election.

### *III. The Moving Creditors' Eligibility to Call for a Chapter 7 Trustee Election*

Because the Court finds that the Principals had standing to dispute the eligibility of the Moving Creditors to call for the election, the Court must determine whether the Moving Creditors meet the requirements of § 702(a).

It is undisputed that, as of the Meeting of Creditors, the Moving Creditors had filed proofs of claim as required under Bankruptcy Rule 2003(b)(3) and were not insiders of the Debtor, meeting the § 702(a)(3) requirement. Prior to the conversion to chapter 7, the Debtor objected to the secured claims filed by WCP as servicer for 1Sharpe and DPC, designated as claim numbers 2 and 3 in the official claims register ("Claim No. 2" and "Claim No. 3," respectively). On June 29, 2021, WCP filed a new unsecured proof of claim in its individual capacity ("Claim No. 6"). In addition, on June 29, 2021, as the result of the post-petition foreclosure on the Property by the second lien holder, Claim No. 2 and Claim No. 3 were amended. Claim No. 2 remained as a secured lien against the property, but Claim No. 3 was amended to an unsecured claim after the foreclosure. The Moving Creditors argued that the filing of amended claims rendered the pending claim objections moot and, as a result, as of the Meeting of Creditors, DPC was a creditor holding an allowable, undisputed, fixed, liquidated, unsecured claim that otherwise meets the requirements of § 702(a)(1).[5] It is undisputed that Claim No. 6 met the requirements of § 702(a)(1) and that, due

---

[5] The Moving Creditors specifically acknowledged that WCP as servicer for 1Sharpe, the holder of Claim No. 2, was not an eligible creditor for purposes of § 702(a).

to the size of the claim, was sufficient to meet the 20 percent in amount of remaining eligible claims required to call for an election under § 702(b). At the hearing, because the claim of WCP met the 20 percent threshold of all claims requirement to call for an election, the Court deferred consideration of the impact of the amendment to Claim No. 3 on its status as an undisputed claim pending consideration of the eligibility of the Moving Creditors to call for an election under § 702(a)(2).

The final issue of the eligibility of the Moving Creditors was whether under § 702(a)(2), they "did not have an interest materially adverse" to other creditors entitled to distribution. *See* 11 U.S.C. § 702(a)(2). The Bankruptcy Code does not define the term "interest materially adverse." Previously, courts have found that a creditor has "materially adverse interests" for the purposes of § 702(a)(2) where the creditor in question may enhance its recovery at the expense of the estate. *Riemer & Braunstein LLP v. DeGiacomo*, 528 B.R. at 200 (citing *In re Klein*, 119 B.R. 971, 983 (N.D. Ill. 1990)); *see In re Argon Credit*, LLC, 570 B.R. 70, 73 (N.D. Ill. 2017); *In re Amherst Techs., LLC*, 335 B.R. 502, 508 (Bankr. D.N.H 2006). In other words, "the concern is whether the subject creditor has ulterior motives for its participation in an election process, that may manifest themselves in unfairly self-serving ways if the subject's vote is pivotal in the choice of a trustee and could result in turn in a distortion or subversion of the administrative process post-election." *In re Petters Co.*, 425 B.R. 534, 550 (Bankr. D. Minn. 2010). A creditor's allegedly adverse interests are evaluated as of the date of the trustee election. *In re Klein*, 119 B.R. at 975; *see also In re TBR USA, Inc.*, 429 B.R. 599, 628 (Bankr. N.D. Ind. 2010); *Amherst Techs., LLC*, 335 B.R. at 512. Here, the Court finds that the Moving Creditors' votes would be more than merely pivotal, but actually controlling of a choice of trustee and that such choice may enhance their recovery or subvert the post-election administrative process.

As of the date of the election, the Moving Creditors were defendants in an adversary proceeding filed by the Debtor seeking both equitable and monetary relief, including rescission of the underlying contracts between the parties and damages for fraud. The Moving Creditors strenuously disputed the claims in the adversary proceeding and also filed substantial counter-claims against the Debtor, all of which remain pending. The chapter 7 trustee in this case, as the representative of the Debtor's estate, automatically replaced the Debtor as the plaintiff in the adversary proceeding upon conversion of the case to chapter 7. Section 702(a)(2) prevents "a creditor with a disputed claim against the estate from participating in an election and choosing its opponent." *In re Barkany*, 542 B.R. 662, 683 (Bankr. E.D.N.Y. 2015) (citing *In re TBR USA, Inc.*, 429 B.R. at 629). The Moving Creditors' claims represent more than 75 percent of the amount of all unsecured claims in the Debtor's case. Or, even discounting the claim of DPC, the claim of WCP alone represents 43 percent of the voting-eligible claims. Thus, under either scenario, if an election was appropriate, WCP and DPC would decidedly control the results thereof – especially since no other creditors eligible to vote participated in the election. In other words, if the Moving Creditors were able to call for the election of the chapter 7 trustee, they would be able to hand-pick the trustee and their opponent in the adversary proceeding.[6] This undoubtedly creates a conflict of interests between the estate and the Moving Creditors.

The Moving Creditors also fail to qualify as eligible creditors due to the potential impact of the adversary proceeding on the estate. To complete this analysis, the Court must evaluate the entire range of possible results in the pending adversary proceeding as of the date of the election

---

[6] There is nothing in the record suggesting or even implying that Marc Albert, the chapter 7 trustee candidate proposed by the Moving Creditors, would act in any way other than as an impartial representative of the estate. Mr. Albert is a panel chapter 7 trustee in this District and his qualifications, professionalism, and ethics are not in question. The Court addresses the issue without reference to the proposed candidate by the Moving Creditors.

to determine if allowing the Moving Creditors to vote may enhance their post-election recovery or subvert the post-election administrative process. Considering the entire range of possible outcomes, if the Debtor/chapter 7 trustee is ultimately successful in obtaining rescission of the contract at issue, the Moving Creditors' claims would be void, and it is possible that the estate may have claims against the Moving Creditors for restitution. At a minimum, rescission and disallowance of the Moving Creditors' unsecured claims would drastically reduce the outstanding pool of unsecured claims against the estate, and materially alter any potential distribution to other unsecured creditors. Similarly, a monetary award against the Moving Creditors may reduce or eliminate their unsecured claims against the estate, which would also impact the potential distribution to similarly situated unsecured creditors.

For the reasons stated herein, due to the (i) the actual control of the election and (ii) the possibility of a direct effect on the estate from the adversary proceeding, the Moving Creditors hold an interest materially adverse to other creditors such that they do not meet the requirements of § 702(a)(2). Therefore, the Court finds that the Moving Creditors hold multiple, related interests materially adverse to the interest of similarly situated unsecured creditors as required by § 702(a)(2) and were not creditors eligible to vote for a candidate for chapter 7 trustee.

## Conclusion

For the foregoing reasons, the Court finds that Moving Creditors were ineligible creditors to vote for a candidate for chapter 7 trustee under § 702(a)(2). Therefore, the Moving Creditors were not eligible to request a chapter 7 trustee election under § 702(b), and no valid election was held.

It is therefore ORDERED that:

1) The Moving Creditors Motion is DENIED, in part, as more fully set forth in this

Order. The Moving Creditors may separately re-notice the motion to recharacterize the claims of the Principals in compliance with Bankruptcy Rule 3007.

2) William White shall continue in this case as the permanent chapter 7 trustee.

[signed and dated above]

Copy to: All counsel of record.