The order below is hereby signed.

Signed: March 16 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-397-ELG |
| | ) | (Chapter 7) |
| **ETS of Washington LLC** | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

## ORDER APPROVING COMPROMISE WITH SECURED CREDITORS

This matter having come before the Court pursuant to the Trustee's Motion to Approve Proposed Compromise with WCP Fund I LLC, DP Capital LLC and 1Sharpe Opportunity Intermediate Trust (the "Motion," with the counterparties being collectively referred to as the "Secured Creditors") under Federal Rule of Bankruptcy Procedure 9019(a) and the Notice of Opportunity to Object and the Court having conducted a contested hearing on March 1, 2023 and having considered the testimony, exhibits and filings of the parties and being otherwise-familiar with the proceedings and filings in this case and in A.P. 21-10005, the Court hereby finds and concludes as follows:

A. This case was converted from chapter 11 to chapter 7 of the Bankruptcy Code on 5/24/2021. William White was appointed as interim chapter 7 trustee ), and became the permanent

chapter 7 trustee ("Trustee") on September 23, 2021. The chapter 7 meeting of creditors was concluded on October 21, 2021.

  B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

  C. The Trustee has provided adequate and sufficient notice of the Motion to all parties entitled to notice, and no other or further notice is required.

  D. The Trustee has entered into a Settlement Agreement attached as Exhibit A to the Motion (the "Agreement") with the Secured Creditors pursuant to which, *inter alia*, the Secured Creditors will pay $60,000 to the Trustee on behalf of the bankruptcy estate of ETS of Washington LLC (the "Estate"), release all monetary claims against the Estate and the Trustee and dismiss A.P. 21-10005 with prejudice.

  E. The Estate is the lawful owner of the litigation and claims asserted in A.P. 21-10005 to be dismissed pursuant to the Agreement. That litigation has to date been protracted with over 300 filings in the main case alone and has involved extensive briefing and arguments of all interested parties.

  F. The compromise of the litigation and claims with the Secured Creditors are fair and reasonable and the releases and waivers of the parties contained in the Agreement are supported by the Trustee's use of sound business judgment and are in the best interests of the Estate and its creditors.

  G. The consideration offered by the Secured Creditors under the terms of the Agreement is fair and reasonable and represents the best proposal for the Estate's resolution of the litigation and claims arising from A.P. 21-10005.

H.  The Agreement was negotiated and entered into in good faith, without collusion and at arm's length.

I.  The Trustee's Motion, supporting papers and testimony in open court reflect a proper consideration of the four factors bankruptcy courts have generally employed in considering the approval of a proposed compromise:  the probability of success of the litigation, the difficulty in collection, the complexity of the litigation and the best interests of the creditors.

J.  The record particularly reflects the Trustee's proper assessment of the facts and expert testimony on both sides. It further reflects a proper assessment of the potential upside of continuing the litigation versus the considerable uncertainty surrounding the potential for success of the Estate's litigation, its substantial complexity, expected prolonged duration and the potential for the Estate's extended involvement in the litigation. Such considerations demonstrate the proper use of the Trustee's business judgment in balancing those factors and reaching a decision to enter into the Agreement.

K.  In the filings, testimony and argument before the Court, the Trustee has shown valid business reasons for the proposed compromise and that it is well within the lowest range of reasonableness.  Thus, it is a reasonable exercise of the Trustee's business judgment to enter into and carry out the provisions of the Agreement with the Secured Creditors.

Now, therefore, it is

ORDERED that the Trustee's Motion is granted and the Agreement with the Secured Creditors set forth as Exhibit A to the Motion is approved; and it is further

ORDERED that the mutual releases and waivers of the parties set forth in Paragraph 2 of the Agreement shall serve as a bar under Paragraph 3 of the Agreement to any third party on notice of the Bankruptcy Case from bringing any cause of action, claim, right or demand against the

Secured Creditors in connection with any dealing of the Secured Creditors that are owned by the Estate and enjoin such third parties with notice of this Order from commencing or continuing the prosecution of any released claim; and it is further

ORDERED that the Trustee is authorized to perform such acts as are reasonably required to carry out the intention of this Order.

I ASK FOR THIS:

/s/ William Douglas White
William Douglas White #224592
8205 Pettit Court
McLean, VA 22102
Telephone:    703-770-9265
wdw@mccarthywhite.com
Trustee for Estate of ETS of Washington LLC


SEEN & AGREED:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq. #MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
 (301) 444-4600
mac@mbvesq.com
Counsel for Secured Creditors