**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General for the District of Columbia**
**400 6th Street, N.W., 9th Floor**
**Washington, DC 20001**
**Tel: (202) 724-8122**
**Email: Nancy.alper@dc.gov**

# IN THE UNITED STATES BANKRUPTCYCOURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**ETS OF WASHINGTON, LLC,**<br><br>*Debtor*. | **Case No. 20-397-ELG**<br><br>Chapter 7 |
| **DP CAPITAL LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>*Defendant*. | **Adv. Pro. No. 24-10007-ELG** |

## DISTRICT OF COLUMBIA'S MOTION TO DISMISS
## SECURED CREDITOR DP CAPITAL LLC'S COMPLAINT
## AND ADVERSARY PROCEEDING WITH PREJUDICE

COMES NOW the District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and files its Motion to Dismiss Secured Creditor DP Capital LLC's Complaint ("Complaint") and Adversary Proceeding with Prejudice. In support thereof, the District states as follows:

## I. JURISDICTION

(1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1104, *et seq*. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.

(3) Debtor ETS of Washington, LLC ("Debtor") is a limited liability company that owned a single asset real estate located at 2207 Foxhall Road, Washington, DC 20007 (SSL: 1341/0855) (the "Property").

(4) DP Capital LLC (the "Secured Creditor" or "DPCL") is a limited liability company with its principal place of business in the Commonwealth of Virginia. In the bankruptcy of Debtor ETS of Washington LLC ("Debtor"), Bankruptcy Case No. 20-00397, DPCL is a secured creditor.

## III. STATEMENT OF FACTS

(5) On September 28, 2020, Debtor filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101, *et seq*.

(6) The Secured Creditor filed its Motion to Appoint Chapter 11 Trustee or, in the Alternative, Convert to Proceeding Under Chapter 7 on May 10, 2021. Docket Entry No. 107. On May 24, 2021, this Honorable Court issued an Order converting Debtor's bankruptcy case from a Chapter 11 to a Chapter 7 proceeding. Docket Entry No. 122. Mr. William Douglas

White was appointed interim Chapter 7 trustee and was added to Debtor's newly converted Chapter 7 proceeding. Docket Entry No. 122. While it appears from the Court's docket that a dispute existed regarding Mr. White's appointment as the Chapter 7 trustee, the dispute was resolved by Order of this Honorable Court on September 23, 2021, Docket Entry No. 168, and Mr. White is the duly appointed Chapter 7 trustee.

(7) On November 16, 2020, the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), now known as the District of Columbia Department of Buildings ("DOB"), issued a Notice of Blighted Property Determination, attached hereto and made a part hereof as District Exhibit No. 1, determining that Debtor's Property should be designated as blighted and have a tax classification of Class 4.

(8) As stated in the Secured Creditor's Complaint, while the Secured Creditor conducted a foreclosure action as permitted by this Court, the Secured Creditor "has refrained from recording a deed at all times relevant, leaving the Debtor with title to the Property and rendering the Property an asset of the Debtor's estate." Complaint, Docket Entry No. 1, Par. No. 6 at 2.

(9) On March 1, 2024, the Secured Creditor filed an Adversary Proceeding against the District of Columbia seeking declaratory and injunctive relief from the District's designation of the Property as blighted pursuant to D.C. Official Code § 47-812(b-10)(2).[1]

---

[1] A "Blighted" classification is designated by DOB (formerly DCRA) for real property that is vacant and blighted; such property is taxed at the rate of $10 per $100 of assessed real property value DC Official Code § 47-812(b-10)(2), provides: "Notwithstanding the provisions of subsection (a) of this section, the sum of the real property tax rates and special real property tax rates for taxable Class 4 Properties in the District of Columbia for the tax year beginning October 1, 2010, and each tax year thereafter, shall be $10 for each $100 of assessed value."

3

## IV. ARGUMENT

### A. Debtor Has Not Provided Proper Notice of Its Objection To OTR's Claim

(10) Pursuant to Rules 3007, 7004, and 9014 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 3007, 7004(b)(6), and 9014, service upon a state, municipal corporation, or other governmental organization is accomplished by:

> [m]ailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be **served by the law of the state in which service is made** when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

Fed. R. Bankr. P. 7004(b)(6). Emphasis supplied.

(11) Rule 4(j)(3)(A) of the Superior Court Rules of Civil Procedure for the District of Columbia, Super. Ct. Civ. R. 4(j)(3)(A), provides that "[t]he District of Columbia must be served by delivering . . . or mailing . . . a copy of the summons, complaint, Initial Order . . . to the Mayor of the District of Columbia (or designee) and the Attorney General of the District of Columbia (or designee)."

(12) Despite the Secured Creditor's assertion on the certificate of service attached to its Complaint that it served the District and the Office of the Attorney General for the District of Columbia ("OAG"), the District has not received a properly served Adversary Proceeding Complaint. OAG only learned of the Secured Creditor's filing an Adversary Proceeding against the District from a telephone call. Accordingly, pursuant to District and federal bankruptcy laws, to date, the Secured Creditor has failed to properly serve the District. Accordingly, the Secured Creditor's Adversary Proceeding must be dismissed.

4

### B. Debtor, Not A Secured Creditor, Is Charged With Operating Its Business

(13) Section 1107(a) of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 1107(a), provides that a debtor-in-possession, with some exceptions, "[s]hall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." And Section 1108 of the Bankruptcy Code, 11 U.S.C. § 1108, authorizes the debtor-in-possession, who has the powers of a trustee as set forth *supra*, to operate its own business. Accordingly, pursuant to the Bankruptcy Code, from September 28, 2020, until May 24, 2021, Debtor ETS of Washington, LLC, as the debtor-in-possession, was authorized to operate its business.

(14) Pursuant to 28 U.S.C. § 959, as part of its duties to operate a business, Debtor, as the debtor-in-possession, "[s]hall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated."

(15) As the Secured Creditor stated in its Complaint, while Debtor remained in possession, Debtor was negligent in maintaining the Property in its estate. Complaint, Docket Entry No. 1, Par. No. 1 at 2. As a result of its negligence in maintaining its Property, Debtor's Property continued to deteriorate while Debtor was the debtor-in-possession.

(16) Pursuant to D.C. Official Code § 42-3131.06, the Mayor of the District of Columbia is authorized to determine that property is blighted and vacant and should be accorded a Class 4 tax classification.

(17) Accordingly, as a result of Debtor's negligence and its failure to comply with District law which requires a property owner to properly care for its real property, DOB reduced the

5

Property's tax classification from a Class 3 vacant property classification to a Class 4 tax classification reserved for real property that is both vacant and blighted.

(18) While the owner of a property, which has been downgraded to a Class 3 or 4 tax classification, has the opportunity to object and appeal a determination of a vacant or vacant and blighted tax classification pursuant to D.C. Official Code §§ 42-3131.11 and 42-3131.15, Debtor as the debtor-in-possession charged with operating the Property failed to timely appeal the District's determination or contest the determination before this Honorable Court.

(19) Approximately three years since the Class 4 vacant and blighted classification was made, the Secured Creditor now seeks to do what Debtor, as the debtor and debtor-in-possession, should have done -- contest the Class 4 determination.

### C. The Secured Creditor Does Not Have Standing to Bring an Action

(20) As the United States Court of Appeals for the Sixth Circuit stated in *In re Underhill*, 579 Fed. Appx. 480, 482 (6th Cir. 2014):

> Pre-petition causes of action belong to the bankruptcy estate and post-petition actions belong to the debtor. Specifically, the debtor's filing of a bankruptcy petition commences a voluntary bankruptcy case, 11 U.S.C. § 301, creating a bankruptcy estate consisting of "legal or equitable interests of the debtor in property as of the commencement of the case," *id* § 541(a)(1).

(21) Further, where a Chapter 11 case has been converted to a Chapter 7 liquidation, only the Chapter 7 trustee has standing to bring a cause of action. As the United States Court of Appeals for the Fourth Circuit stated in *Martineau v. Wier*, 934 F.3d 385, 391 (4th Cir. 2019), "[i]n the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who . . . has the right to bring legal claims that belong to the estate."

6

(22) Rule 6009 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bk. Pro. R. 6009, provides:

> With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding on behalf of the estate before any tribunal.

(23) As the United States Court of Appeals for the Fourth Circuit stated in *Wilson v. Dollar General Corporation*, 717 F.3d 337 (4th Cir. 2013),

> The filing of a bankruptcy petition creates a bankruptcy estate. . . . The bankruptcy estate is comprised of a broad range of both tangible and intangible property interests. . . . Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition. . . . The bankruptcy trustee, as representative of the estate . . . generally has the capacity to sue and be sued.

*Id.* at 342 (citations and quotations omitted).

(24) Accordingly, a cause of action that arises before the filing of a petition seeking bankruptcy protection belongs to the estate and a cause of action that arises after the filing of a bankruptcy petition belongs to the debtor. And where a Chapter 11 case has been converted to a Chapter 7 liquidation, only the Chapter 7 trustee has the right to bring a cause of action.

(25) Thus, under basic bankruptcy principles, a debtor-in-possession, debtor, or trustee – depending upon the circumstances of the bankruptcy proceeding -- has the right and the standing to bring a cause of action or defend against a non-bankruptcy cause of action.

(26) Significantly and critical to the issue involved in the District's Motion to Dismiss this Adversary Proceeding, a secured creditor does not have standing to bring a cause of action on behalf of a debtor-in-possession, debtor, or trustee.

(27) Regarding the facts involved in this matter, Debtor, as debtor-in-possession and as debtor, failed to object to and appeal DOB's determination that the Property should be downgraded to a Class 4 tax classification within the timeframe required by D.C. Official Code §§ 42-3131.11 and 42-3131.15.  Debtor also failed to raise the issue of an alleged violation of the automatic stay[2] by the District before this Court.

(28) As discussed *supra* Par. Nos. 20 - 23 at 6 -7, during the appeal period, only the Debtor had the right and standing to object to and appeal the Class 4 tax classification.  *See* 11 U.S.C. §§ 1107, 1008, 323, and Fed. R. Bk. Pro. R. 6009.

(29) The Secured Creditor admits in its Complaint, Docket Entry No. 1, Par. Nos. 6 and 12, that "[t]he Debtor is the record title owner of the Property and has been at all times since the Debtor petitioned for bankruptcy relief . . . on September 28, 2020."  Complaint, Docket Entry No. 1, Par. No. 12.  Further, the Secured Creditor admits that it has "[r]efrained from recording a deed at all times relevant, leaving the Debtor with title to the Property and rendering the Property an asset of the Debtor's estate." Complaint, Docket Entry No. 1, Par. No. 6.  The Secured Creditor's clear motivation in causing the Property to remain an asset of the Debtor's estate after foreclosing on the Property was to file at some point in the future an Adversary Proceeding against the District for an alleged violation of the automatic stay.

(30) However, under basic bankruptcy principles, only Debtor, as debtor-in-possession and debtor, has the right and standing to file an Adversary Proceeding against the District and allege a violation of the automatic stay regarding a non-bankruptcy cause of action. *Wilson v. Dollar General Corporation*, *supra* 717 F.3d at 342.  *See also* 11 U.S.C. §§ 1107, 1008, 323, and

---

[2] Any alleged violation of the automatic stay by the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), now known as the District of Columbia Department of Buildings ("DOB"), was inadvertent.

Fed. R. Bk. Pro. R. 6009. Similarly, only the Chapter 7 Trustee after May 24, 2021, had/has the right and standing to bring an action against the District alleging a violation of the automatic stay.

(31) And under basic bankruptcy principles, the Secured Creditor has no right and no standing to bring this Adversary Proceeding against the District.[3] Indeed, despite the Secured Creditor's allegations, Complaint, Docket Entry No. 1, Par. Nos. 27 and 35 at 6 and 7, since the Secured Creditor has no standing and no right to bring an Adversary Proceeding against the District, there is no actual controversy between the Secured Creditor and the District of Columbia.

WHEREFORE, the District requests that this Honorable Court dismiss the Secured Creditor's Adversary Proceeding with prejudice and for such other and further relief as the Court deems just.

Date: April 5, 2024

Respectfully Submitted,

BRIAN SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General
Commercial Division

/s/ Nancy L. Alper
NANCY ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Commercial Division
Office of the Attorney General for the District of Columbia
400 6th Street, N.W.
Washington, DC 20001
*Attorneys for the District of Columbia*

---

[3] The Secured Creditor has not alleged and cannot show that it has derivative standing to bring an Adversary Proceeding against the District for an alleged violation of the automatic stay. Further, the Secured Creditor never filed a motion with this Honorable Court seeking permission to file an Adversary Proceeding against the District on the grounds of derivative standing.

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing District's *Motion to Dismiss Secured Creditor DP Capital LLC's Complaint and Adversary Proceeding* was filed and served electronically using the Court's ECF System on the 5th day of April, 2024.

                                        /s/ Nancy L. Alper
                                        Nancy L. Alper